The United States District Court For The
Western District of Louisiana
Shreveport Division

| | | |
|---|---|---|
| John Poston | § | |
| | § | |
| vs. | § | C.A. No. 5:17-cv-00486 |
| | § | |
| Ace Insurance Company, Safeway Insurance | § | |
| Company, The Kansas City Southern | § | |
| Railway Company, Professional | § | Jury Trial Demanded |
| Transportation, Inc., Quinton White, and | § | |
| Breon Savannah | § | |

## Complaint

To The Honorable Judge of Said Court:

Comes Now John Poston, complaining of Ace Insurance Company, Safeway Insurance Company, The Kansas City Southern Railway Company, Professional Transportation, Inc., Quinton White and Breon Savannah for cause of action would show unto this Honorable Court as follows:

## Parties

1.      Plaintiff, John Poston, is a railroad worker and a resident and citizen of the State of Louisiana.

2.      Defendant Ace Insurance Company ("Ace") is a foreign insurance company doing business in the State of Louisiana and provided liability and coverage for the harms described herein.  Service of process may be had upon 450 East 96th Street, Suite 275, Indianapolis, IN 46240.

3.      Defendant Safeway Insurance Company ("Safeway") is a foreign insurance company doing business in the State of Louisiana and provided liability and coverage for the harms described herein.  Service of process may be had upon 200 W. Congress Street, Suite 850, Lafayette, LA 70501.

4.     Defendant The Kansas City Southern Railway Company ("KCS") is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District.  Service of process may be had upon Defendant KCS by serving its registered agent C. T. Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

5.     Defendant Professional Transportation, Inc. ("PTI")   is a foreign corporation authorized to do and doing business in the State of Louisiana.  Service of process may be had upon PTI by serving its designated agent for service of process: National Registered Agents, Inc., 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

6.     Defendant Quinton White ("White") is an individual residing in the State of Louisiana.  Service of process may be had upon Defendant White at 3909 Baxter Street, Shreveport, LA 71109.

7.     Defendant Breon Savannah ("Savannah") is an individual residing in the State of Louisiana.  Service of process may be had upon Defendant Savannah at 438 Seneca Trail, Shreveport, LA 71107.

8.     At all times mentioned in this complaint, Defendant KCS was a common carrier by railroad engaged in interstate commerce through and between the several states.  At all relevant times, Mr. Poston was employed by Defendant KCS to further those activities.

### Venue and Jurisdiction

9.     Plaintiff's rights and remedies against Defendant KCS arise under the Federal Employers' Liability Act, 45 U.S.C.§51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*  There is specific jurisdiction over

defendants as this cause of action arose in this district and division.

10.     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that the cause of action arose in the Western District of Louisiana and Defendant resides in the Western District of Louisiana and has regular and systematic contacts with this District and the cause of action arose in this district and division.

**Facts**

11.     On or about February 28, 2017, Plaintiff suffered injuries while riding as a passenger in Defendant PTI's van driven by Defendant White.  The wreck occurred in Shreveport, Louisiana. Defendant White negligently drove out into traffic on southbound Hilry Huckaby and crashed Defendant PTI's van into the vehicle driven by Savannah.  Defendant Savannah should have avoided the wreck by slowing, braking or veering to avoid the crash.  Defendant White was in the course and scope of his employment with Defendant PTI.  Mr. Poston suffered injury to his low back and other parts of his body.

**FELA Cause of Action**

12.     The injuries to Plaintiff was due in whole or in part to the negligence of Defendant KCS, its agents, servants or employees acting in the course and scope of their employment. Such negligence caused Plaintiff's injuries. Specifically, Defendant KCS violated the duty which he owed to Plaintiff to provide a safe place to work and reasonably safe equipment among other acts of negligence.  Defendant KCS also failed to comply with applicable state traffic laws, federal safety statutes and regulations which amounts to negligence as a matter of law.

13.     Defendant KCS, acting by and through its agents, servants or employees, negligently caused injury to Plaintiff.   Specifically, but without limitation, Defendant KCS was negligent

including but not limited to the following particulars as follows:

a)      In failing to keep and maintain a proper lookout;

b)      In failing to operate the vehicle at a safe and reasonable speed under the circumstances;

c)      In failing to give a reasonable warning;

d)      In engaging in improper turning:

e)      In failing to pay attention and avoid the hazard and wreck;

f)      In failing to timely apply the brakes of his vehicle to avoid causing the crash;

g)      In disobeying the laws of the State of Louisiana;

h)      In failing to use blinker;

i)      In failing to yield; and

j)      In failing to operate the vehicle in a safe manner.

Defendant KCS negligently hired, retained, and entrusted the van driver and PTI.  Defendant KCS unreasonably violated its duties to Plaintiff and violated the laws and statutes of the State of Louisiana.  Defendant KCS also violated federal law, regulations and rules.  Defendant KCS's violations amounted to negligence *per se*.  Defendant KCS knew or should have known its acts and omissions were likely to cause injury.

## Cause of Action Against PTI

14.      Defendant PTI, acting by and through its agents, servants or employees, negligently caused injury to Plaintiff.  Defendant PTI also failed to comply with applicable state traffic laws, federal safety statutes and regulations which amounts to negligence as a matter of law.  Specifically, but without limitation, Defendant PTI was negligent including but not limited to the following particulars as follows:

4

a)      In failing to keep and maintain a proper lookout;

b)      In failing to operate the vehicle at a safe and reasonable speed under the circumstances;

c)      In failing to give a reasonable warning;

d)      In engaging in improper turning:

e)      In failing to pay attention and avoid the hazard and wreck;

f)      In failing to timely apply the brakes of his vehicle to avoid causing the crash;

g)      In disobeying the laws of the State of Louisiana;

h)      In failing to use blinker;

i)      In failing to yield; and

j)      In failing to operate the vehicle in a safe manner.

Defendant PTI negligently hired, retained, and entrusted the van driver.  Defendant PTI unreasonably violated its duties to Plaintiff and violated the laws and statutes of the State of Louisiana.  Defendant  PTI also violated federal law, regulations and rules.  Defendant  PTI's violations amounted to negligence *per se*.  Defendant PTI knew or should have known its acts and omissions were likely to cause injury.

## Cause of Action Against White

15.    Defendant White, acting by and through its agents, servants or employees, negligently caused injury to Plaintiff.  Defendant White also failed to comply with applicable state traffic laws, federal safety statutes and regulations which amounts to negligence as a matter of law.  Specifically, but without limitation, Defendant White was negligent including but not limited to the following particulars as follows:

a)      In failing to keep and maintain a proper lookout;

5

b)      In failing to operate the vehicle at a safe and reasonable speed under the circumstances;

c)      In failing to give a reasonable warning;

d)      In engaging in improper turning:

e)      In failing to pay attention and avoid the hazard and wreck;

f)      In failing to timely apply the brakes of his vehicle to avoid causing the crash;

g)      In disobeying the laws of the State of Louisiana;

h)      In failing to use blinker;

i)      In failing to yield; and

j)      In failing to operate the vehicle in a safe manner.

Defendant White unreasonably violated its duties to Plaintiff and violated the laws and statutes of the State of Louisiana.  Defendant White also violated federal law, regulations and rules. Defendant White's  violations amounted to negligence *per se*.  Defendant White knew or should have known its acts and omissions were likely to cause injury.

### Cause of Action Against Savannah

16.      Defendant Savannah negligently caused injury to Plaintiff.  Defendant Savannah also failed to comply with the applicable state traffic laws which amounts to negligence as a matter of law.  Specifically, but without limitation, Defendant Savannah was negligent including but not limited to the following particulars as follows:

a)      In failing to keep and maintain a proper lookout;

b)      In failing to operate the vehicle at a safe and reasonable speed under the circumstances;

c)      In failing to give a reasonable warning;

d)      In failing to pay attention and avoid the hazard and wreck;

e)      In failing to timely apply the brakes of her vehicle to avoid causing the crash;

f)      In disobeying the laws of the State of Louisiana;

g)      In failing to steer clear of a possible wreck;

h)      In failing to yield; and

i)      In failing to operate the vehicle in a safe manner.

Defendant Savannah unreasonably violated its duties to Plaintiff and violated the laws and statutes of the State of Louisiana.  Defendant Savannah's violations amounted to negligence *per se*. Defendant Savannah knew or should have known its act and omissions were likely to cause injury.

17.     At all times pertinent hereto, Defendant Ace Insurance had in full force and effect one or more policies of uninsured/underinsured motorist insurance issued to and/or providing coverage for the claims asserted herein by Plaintiff to the extent any available liability insurance is insufficient to fully compensate Plaintiff for the damages to which he is entitled.

## Damages

18.     As a legal result of Defendants negligence and wrongdoing, Mr. Poston has suffered serious injuries and impairment to his body.  These injuries have had a serious effect on Mr. Poston's health and well being.

19.     Because of the nature and consequences of his injuries, Mr. Poston has suffered great physical and mental pain, suffering and anguish in the past and future.

20.     At the time of the incident complained of, Mr. Poston was gainfully employed.  Mr. Poston has lost wages and benefits in the past and will have a loss of future earning capacity.

21.     As a further result thereof, Mr. Poston has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future.  These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above.  The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

22.     As a further result of the injuries sustained by Mr. Poston, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

23.     As a result of the incidents complained of herein, Mr. Poston has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment and disfigurement past and future.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Mr. Poston requests that Defendants be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendant, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest, plus post-judgment interest at the legal rate from Defendants, and for all costs of court.  Mr. Poston would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,


/s/ Bristol Baxley
Bristol Baxley
La. Bar No. 30199
Rome, Arata & Baxley, L.L.C.
9307 Broadway, Ste. 309
Pearland, Texas 77584
281-993-0000
281-993-0035 Fax

ATTORNEY FOR PLAINTIFF